**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TATIANA PANTSAEVA; CHIRIL SANDU | |
| Plaintiffs, | Case No. 25-cv-11577 |
| v. | Judge Mary M. Rowland |
| MARKWAYNE MULLEN, Secretary of Homeland Security; KEVIN RIDDLE, Chicago Field Office Director, U.S. Citizenship & Immigration Services | |
| Defendants | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Tatiana Pantsaeva and Chiril Sandu (collectively, "Plaintiffs") petitioned for a writ of mandamus against Defendants Kristi Noem[1] in her official capacity as Secretary of Homeland Security, and Kevin Riddle in his official capacity as the Chicago Field Office Director of the United States Citizenship and Immigration Services ("USCIS"). Plaintiffs allege that Defendants violated 8 U.S.C. § 1255 of the Immigration and Nationality Act ("INA") and 5 U.S.C. § 555(b) of the Administrative Procedure Act ("APA") by failing to render a timely adjudication of Plaintiffs' application to adjust their immigration status. Before the Court is Defendants' motion to dismiss under Rule 12(b)(1). For the reasons stated herein, Defendants' motion to dismiss is granted.

---

[1] Pursuant to Fed. R. Civ. Pro. 25 Markwayne Mullen replaced Kristi Noem as Secretary of the Department of Homeland Security.

1

## I.    Background

The following factual allegations taken from the petition are accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). Plaintiff Pantsaeva is a citizen of Russia. [1] at ¶ 10. Plaintiff Sandu is a citizen of Moldova. *Id.* at ¶ 11. Plaintiffs are married and currently live in Lake in the Hills, Illinois. *Id.* at ¶¶ 10-11. On or about May 9, 2016, Pantsaeva applied for asylum and withholding of removal, pursuant to Form I-589. *Id.* at ¶ 17. She included her husband, Sandu, as a derivative beneficiary to that application. *Id.* at ¶ 17. On or about April 18, 2024, Plaintiffs were approved for asylum. *Id.* at ¶ 18.

On or about August 20, 2024, Plaintiffs filed Form I-485 applications to adjust their immigration status to that of lawful permanent residency. *Id.* at ¶¶ 1, 19. Plaintiffs have inquired regarding the status of their applications and have been told their requests are still being processed. *Id.* at ¶ 22.

Plaintiffs filed a petition for a writ of mandamus on September 24, 2025, alleging that Defendants violated the APA and INA by unreasonably delaying the processing of their application to adjust status for over one year. *Id.* at ¶ 28. Plaintiffs request that the Court compel USCIS to act on their status adjustment applications. *Id.* at ¶ 1.

Defendants move to dismiss Plaintiffs' petition for a lack of jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). [16].

## II.    Standard

2

Rule 12(b)(1) allows for the dismissal of complaints over which a court may not exercise subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "In evaluating a challenge to subject matter jurisdiction, [a] court must first determine whether a factual or facial challenge has been raised." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015) (citing *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009)). A facial challenge argues that the plaintiff has not sufficiently alleged a basis for subject matter jurisdiction, while a factual challenge contends that even if the pleadings are sufficient, there is in fact no subject matter jurisdiction. *Id.* Here, because Defendants make a factual challenge by contesting the truth of the jurisdictional allegations, the Court may look beyond the pleadings and view any competent proof submitted by the parties to determine if Plaintiffs have established subject matter jurisdiction by a preponderance of the evidence. *See id.* at 173. If a "complaint is facially sufficient but external facts call the [C]ourt's jurisdiction into question, [the Court] 'may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017) (quoting *Apex Digital*, 572 F.3d at 444).

### III. Analysis

Defendants argue that the Court lacks jurisdiction over the Plaintiffs' claims. [17] at 3-7. Under 8 U.S.C. 1252(a)(2)(B)(ii), "no court shall have jurisdiction to review […] any [] decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in [their]

3

discretion[,] other than the granting of relief under section 1158(a) [governing asylum applications]." 8 U.S.C. § 1252(a)(2)(B)(ii). "[T]his subchapter" refers to 8 U.S.C. §§ 1151–1382. *See Kucana v. Holder*, 558 U.S. 233, 239 n.3 (2010). The statute authorizing applications for adjustment of status, 8 U.S.C. § 1255, falls within this subchapter.

8 U.S.C. § 1255 provides that, when certain conditions are met, one's immigration status "*may* be adjusted by the Attorney General, *in his discretion* and under such regulations as he may prescribe," to that of a lawful permanent resident. § 1255 (emphasis added). The Supreme Court has "'repeatedly observed' that 'the word 'may' *clearly* connotes discretion.'" *Biden v. Texas*, 597 U.S. 785, 787 (2022) (emphasis in original) (quoting *Opati v. Republic of Sudan*, 590 U.S. 418, 419 (2020)). Because Section 1255 permits USCIS to make discretionary decisions regarding status adjustment, Section 1252(a)(2)(B)(ii) precludes judicial review of Plaintiffs' claims.

The Seventh Circuit has explained that a similar jurisdiction stripping provision, 8 U.S.C.A. § 1182(a)(9)(B)(v), which also applies to "any decision or action" by the Attorney General, applies to agency delays in processing applications. *Soni v. Jaddou*, 103 F.4th 1271, 1272 (7th Cir. 2024) (citing 8 U.S.C.A. § 1182(a)(9)(B)(v)), *reh'g denied,* No. 23-3220, 2024 WL 3683115 (7th Cir. Aug. 6, 2024). Although "delay in addressing an application is not a 'decision' on that application," the agency's allocation of resources and setting priorities for processing applications are agency "actions." *Id.*; *see also Garcia v. U.S. Citizenship & Immigr. Servs.*, 760 F. Supp. 3d

4

671, 673 (N.D. Ill. 2024) (relying on *Soni* to conclude that § 1252(a)(2)(B)(ii) "encompasses the decision-making process [and] insulates from judicial review the timeline under which that process unfolds").

This precedent compels the Court to find that, under 8 U.S.C. § 1252(a)(2)(B)(ii), it lacks jurisdiction over Plaintiffs' claims that Defendants have unreasonably delayed processing their status adjustment applications. *See Thigulla v. Jaddou*, 94 F.4th 770, 775 (8th Cir. 2024) ("§ 1252(a)(2)(B)(ii) bars this court's jurisdiction to review the decision to delay adjudicating the [plaintiffs'] status adjustment application"); *see also Patel v. Noem*, No. 24 C 12143, 2025 WL 1489204, at *2 (N.D. Ill. May 23, 2025) ("Because the decision to grant an [employment authorization document ("EAD")] is at USCIS's discretion, the decision to delay adjudicating an EAD application likewise is discretionary and barred by § 1252(a)(2)(B)(ii)"); *Garcia*, 760 F. Supp. 3d at 674 ("the Court concludes that, courtesy of § 1252(a)(2)(B)(ii), it lacks subject matter jurisdiction to review the timeline under which USCIS considers" an application within its discretion).

The Supreme Court, in *Patel v. Garland*, 596 U.S. 328, 338 (2022), found that § 1252(a)(2)(B)(i)—the portion of the statute immediately preceding the portion relevant here—precludes judicial review of questions of fact in a petitioner's adjustment of status application because "the word 'any' has an expansive meaning." *see also* § 1252(a)(2)(B)(i) ("no court shall have jurisdiction to review any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title"). Relying on the Supreme Court's decision in *Patel* and the Seventh

5

Circuit's decision in *Soni*, the court in *Lobatos v. Noem*, No. 25 C 01223, 2025 WL 1651220, at \*4 (N.D. Ill. June 11, 2025), concluded that the "Supreme Court and Seventh Circuit's expansive reading of § 1252(a)(2)(B)(i) and § 1182(a)(9)(B)(v) counsels the Court to read § 1252(a)(2)(B)(ii) as similarly expansive."

Here, where Section 1255 permits USCIS to make discretionary decisions regarding status adjustments, Section 1252(a)(2)(B)(ii) precludes judicial review of Plaintiffs' claim that Defendants have unreasonably delayed adjudication of their status adjustment applications. As such, the Court lacks subject matter jurisdiction.

## IV. Conclusion

For the stated reasons, Defendants' Motion to Dismiss [16] is granted. Civil case terminated.

E N T E R:

Dated: July 20, 2026

_Mary M Rowland_

MARY M. ROWLAND
United States District Judge

6